**FILED**

**AUG 26 2014**

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| REX GARD, ) | Civ. 14-4023-LLP |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| BOB DOOLEY, Warden and ) | |
| Director of Prison Operations; ) | |
| SUSAN JACOBS, Associate Warden; ) | ORDER DENYING MOTION FOR |
| MURIEL NAMINGA, Laundry Supervisor; ) | PRELIMINARY INJUNCTION, |
| ANDY GATES, Supervisor in the ) | DENYING MOTION TO APPOINT |
| Medical Department; ) | COUNSEL, DENYING REQUEST FOR |
| KELLY SWANSON, Supervisor in the ) | HEARING, AND GRANTING |
| Medical Department; ) | MOTION TO AMEND COMPLAINT |
| JENIFER BENBOOM, Dietician; ) | |
| JOHN TREWIELLAR, ) | |
| Food Service Manager; and ) | |
| BARRY SCHROETER, ) | |
| Food Service Manager, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, Rex Gard, is an inmate at the Mike Durfee State Prison (MDSP) in Springfield, South Dakota. On February 13, 2014, Gard filed a pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983. Docket 1. Now pending before the Court is Gard's motion for a preliminary injunction (Docket 8), motion to appoint counsel (Docket 14), request for hearing (Docket 33), and motion to amend complaint (Docket 34). The Court will address each motion in turn.

**I.    The Court Denies Gard's Motion for Preliminary Injunction.**

"A preliminary injunction is an extraordinary remedy." *Roudachevski v. All-American Care Centers, Inc.*, 648 F.3d 701, 705 (8th Cir. 2011) (citation omitted); *see also Hughbanks v. Dooley*, 788 F. Supp. 2d 988, 992 (D.S.D. 2011) ("[I]n the prison setting, a request for a preliminary injunction 'must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.' " (quoting *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995))). "The burden of proving that a preliminary injunction should be issued rests entirely with the movant." *Goff*, 60 F.3d at 520. To determine whether the

issuance of a preliminary injunction is appropriate, the court considers the following factors:

(1) the threat of irreparable harm to the movant;
(2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant;
(3) the probability that movant will succeed on the merits; and
(4) the public interest.

*Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). The court asks "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *Id.* at 113.

Although no single factor is determinative, "[f]ailure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction." *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003); *see also Dataphase*, 640 F.2d at 114 n.9 ("[T]he absence of a finding of irreparable injury is alone sufficient ground for vacating the preliminary injunction."). To demonstrate irreparable harm, a plaintiff must show that the harm is "certain, great and of such imminence that there is a clear and present need for equitable relief." *Packard Elevator v. Interstate Commerce Comm'n*, 782 F.2d 112, 115 (8th Cir. 1986). Notably, a "plaintiff must make a showing of actual, substantial harm resulting from the alleged infringement." *Travelers Express Co. v. Transaction Tracking Technologies, Inc.*, 305 F. Supp. 2d 1090, 1095 (D. Minn. 2003) (citation omitted).

In his memorandum in support of motion for preliminary injunction, Gard alleges that Defendants are denying him medical care in contravention of medical orders. Docket 9 at 2. More specifically, Gard asserts that Defendants refuse to provide him with a healthy, varied diet tailored to his diabetic restrictions. Docket 10 at 1. Gard also asserts that Defendants have refused to provide him with prescription eye glasses and medically prescribed diabetic socks. *Id.* at 1–2. In an effort to demonstrate irreparable harm, Gard has asserted that if his diabetes goes "unchecked," he could suffer "organ failure as well as loss of limbs, as well as the possibility of a fractured leg which could cause pain and loss of mobility for the rest of [his] life." Docket 9 at 2. Gard also notes that, without prescription eye glasses, he has to borrow glasses from another inmate in order to read. Docket 10 at 2.

Defendants refute Gard's assertions by representing that Gard is, in fact, provided with a special diet, but that he often refuses to follow the recommended diet. Docket 38 at 4. Furthermore,

Defendants assert that Gard also refuses "to follow the recommendations of Health Services 'to decrease his purchasing of junk food from the commissary.' " *Id.* Defendants also point out that, as conceded in Gard's motion to amend complaint (Docket 34 at 2), Defendants provided Gard with footwear on February 13 or 14, 2014, and diabetic socks on May 26, 2014. Docket 38 at 5–6. Lastly, Defendants represent that prescription glasses were recently ordered for Gard and will be provided to him once they arrive. *Id.* at 6. Gard has not responded to Defendants' assertions.

In light of Defendants' assertions and Gard's concession, the Court finds that Gard's issues related to the availability of prescription eye glasses and diabetic socks have been adequately resolved so as to eliminate the threat of irreparable harm at this time. As for Gard's issue related to his diet, the Court finds that Gard has failed to establish irreparable harm. Again, irreparable harm is harm that is "certain, great and of such imminence that there is a clear and present need for equitable relief." *Packard Elevator*, 782 F.2d at 115. The harm discussed in Gard's memorandum in support of motion for preliminary injunction is not actual, substantial harm but speculative harm, and "[p]ossible or speculative harm is not enough." *Northland Ins. Companies v. Blaylock*, 115 F. Supp. 2d 1108, 1116 (D. Minn. 2000). Moreover, based on the uncontested information provided by Defendants, it appears that Gard is not making efforts to comply with his recommended diet. Because failure to demonstrate irreparable harm is sufficient ground for denying a preliminary injunction, the Court denies Gard's motion for preliminary injunction.

## II. The Court Denies Gard's Motion to Appoint Counsel.

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant's civil case, the district court considers the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the indigent's ability to present his claim. *Id.* In this case, the facts of Gard's claims are not complex, and Gard appears able to adequately present his § 1983 claims at this time. His motion to appoint counsel (Docket 14) is therefore denied.

## III. The Court Denies Gard's Request for Hearing.

Gard requests a hearing for the purpose of resolving his motion for preliminary injunction. Docket 33. Because this order resolves such motion, the Court finds that Gard is not entitled to a

3

hearing at this time.

## IV. The Court Grants Gard's Motion to Amend Complaint.

Gard requests leave to amend his complaint to specifically state that he intended to bring this action against Defendants in their individual and official capacities, to add defendants, and to add factual information. Docket 34. A motion for leave to amend is committed to the sound discretion of the district court. *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998) (citations omitted). "A party may amend its pleading once as a matter of course within . . . 21 days after serving it, or . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1)(A)–(B). Here, Defendants filed their Answer on June 19, 2014. Docket 27. Less than 21 days later, on July 2, 2014, Gard filed his motion to amend complaint. Docket 34. Gard is therefore entitled to amend his complaint "once as a matter of course." Accordingly, it is

ORDERED that Gard's motion for preliminary injunction (Docket 8) is denied.

IT IS FURTHER ORDERED that Gard's motion to appoint counsel (Docket 14) is denied.

IT IS FURTHER ORDERED that Gard's request for hearing (Docket 33) is denied as moot.

IT IS FURTHER ORDERED that Gard's motion to amend complaint (Docket 34) is granted. Gard must file an amended complaint with the Court on or before **September 26, 2014.**

Dated this 26th day of August, 2014.

BY THE COURT:

*[signature]*
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
By: *[signature]*
Deputy