UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| REX GARD,<br><br>          Plaintiff,<br><br>   vs.<br><br>BOB DOOLEY, CHIEF WARDEN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; SUSAN JACOBS, ASSOCIATE WARDEN, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY; MURIEL NAMINGA, LAUNDRY SUPERVISOR, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY; ANDRA GATES, SUPERVISOR, DOH, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; KELLY SWANSON, SUPERVISOR, DOH, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY; JENIFER BEMBOOM, CBM FOOD SERVICE, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY; JOHN TREWIELLAR, CBM FOOD SERVICE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; BARRY SCHROETER, CBM FOOD SERVICE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; JENIFER STANWICK, DEPUTY WARDEN, INDIVIDUAL AND OFFICIAL CAPACITY; REBECCA SCHEIFFER, ASSOCIATE WARDEN, INDIVIDUAL AND OFFICIAL CAPACITY; LELAND TJEERDSMA, MAJOR, INDIVIDUAL AND OFFICIAL CAPACITY; TRAVIS TJEERDSMA, UNIT STAFF, INDIVIDUAL AND OFFICIAL CAPACITY; TAMMY DEJONG, UNIT STAFF, INDIVIDUAL AND OFFICIAL CAPACITY; RANDY STEVENS, PROPERTY OFFICER, INDIVIDUAL AND OFFICIAL CAPACITY; CORPORAL CROPPER, CORPORAL, INDIVIDUAL AND OFFICIAL CAPACITY; RANDY MILNE, CORRECTIONS OFFICER, INDIVIDUAL AND OFFICIAL | 4:14-CV-04023-LLP<br><br><br><br>**<ins>ORDER ON MOTIONS:</ins>**<br><br>DEFENDANTS' MOTION FOR PROTECTIVE ORDER<br>[DOCKET NO. 72]<br><br>PLAINTIFF'S MOTION TO SEVER<br>[DOCKET NO. 68]<br><br>PLAINTIFF'S MOTION TO EXTEND DEADLINES<br>[DOCKET NO. 66]<br><br>PLAINTIFF'S MOTION TO APPOINT COUNSEL<br>[DOCKET NO. 63] |

CAPACITY; JESSICA LUKE, OFFICE
STAFF, DOH, INDIVIDUAL AND
OFFICIAL CAPACITY;  DOC STAFF,
UNKNOWN AT THIS TIME,
INDIVIDUAL AND OFFICIAL
CAPACITY; AND  CBM FOOD
SERVICES EMPLOYEES, UNKNOWN
AT THIS TIME, INDIVIDUAL AND
OFFICIAL CAPACITY;

                    Defendants.

# INTRODUCTION

This matter is before the court on plaintiff Rex Gard's complaint pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131 – 12165.  See Docket No. 1.  The district court, the Honorable Lawrence L. Piersol, referred this matter to this magistrate judge for the resolution of non-dispositive motions and for recommended dispositions on dispositive motions.  This referral was made pursuant to 28 U.S.C. § 636(b)(1) and the October 16, 2014, standing order of the Honorable Karen E. Schreier, district court judge.  Four motions are pending and are addressed herein.

# FACTS

The background of the instant motion is that Mr. Gard, an inmate at a South Dakota state prison, alleges that defendants failed to give him special diabetic socks and diabetic shoes, which were medically required by Mr. Gard's medical condition—insulin-dependent diabetes.  He also alleges that defendants have refused to provide him with a diabetic diet.  Mr. Gard also alleges that he needs prescription glasses and that defendants have refused to give him a pair of glasses that fit his head.  Each of these allegations form the

basis for Mr. Gard's assertion that defendants have been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the United States Constitution.  See Docket No. 1 at pp. 2-8.

In addition, Mr. Gard alleges that defendants have violated Title II of the ADA by refusing to give him a specialized diet, denying him access to particular religious ceremonies, the law library, the day hall, the recreation yard, and the restrooms.  See Docket No. 1 at p. 9. The district court screened Mr. Gard's complaint and found that Mr. Gard's complaint set forth claims sufficient to survive initial scrutiny under 28 U.S.C. § 1915.  See Docket No. 11.  The court therefore ordered the complaint and summonses to be served on defendants. Defendants then duly filed an answer.  See Docket No. 27.

## DISCUSSION

### A.   Mr. Gard's Second Motion to Appoint Counsel—Docket No. 63

Previously, Mr. Gard filed a motion to appoint counsel on April 16, 2014. See Docket No. 14.  The district court denied that motion.  See Docket No. 44. The court found that the issues in this case were not factually complex and that Mr.Gard was adequately able to present his claims.  Id.

"Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996).  The factors relevant to evaluating a request for appointment of counsel include "whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the

presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." Id.

This case is not legally or factually complex. Furthermore, the district court set forth the law governing Mr. Gard's Eighth Amendment and ADA claims in its screening opinion. See Docket No. 11. In addition, the court has ruled on or been referred four separate cases in which Mr. Gard has represented himself. See Gard v. Kaemingk, Civ. No. 13-4062; Gard v. Dooley, Civ. No. 14-4023; Gard v. Dooley, Civ. No. 14-4179; and Gard v. Dooley, Civ. No. 14-4183. The court, from first-hand observation of Mr. Gard's representation of himself, finds that he is adequately able to articulate his claims and argue legal precedent.

Mr. Gard's second motion for appointment of counsel sets forth no new facts or grounds for requesting court-appointed counsel than were urged in his first motion. See Docket Nos. 14 & 63. Accordingly, the court denies Mr. Gard's second motion for the appointment of counsel.

## B.    Defendants' Motion for Protective Order—Docket No. 72

Defendants pleaded the affirmative defense of qualified immunity in their answer. See Docket No. 27, p. 30. They now seek an order from the court staying all discovery in this matter until a dispositive motion on the issue of qualified immunity is filed by defendants and ruled upon by the court. See Docket Nos. 72, 73 & 74.

To determine whether an official may partake of qualified immunity, two factors must be determined: (1) whether the facts that plaintiff has shown

make out a violation of a constitutional right and (2) whether that constitutional right was "clearly established" at the time of the official's acts. Saucier v. Katz, 533 U.S. 194, 201 (2001).  Qualified immunity protects government officials from liability ***and*** from having to defend themselves in a civil suit if the conduct of the officials "does not violate clearly established statutory or constitutional rights."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  Qualified immunity is immunity from suit, not just a defense to liability at trial.  Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).  It protects defendants from the cost and time of enduring pretrial discovery and motions. Id.

"Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments," and "protects 'all but the plainly incompetent or those who knowingly violate the law.'"  Stanton v. Sims, ___ U.S. ___, 134 S. Ct. 3, 5 (2013) (quoting Ashcroft v. al-Kidd, ___ U.S. ___, 131 S. Ct. 2074, 2085 (2011) (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986))). "'We do not require a case directly on point' before concluding that the law is clearly established, 'but existing precedent must have placed the statutory or constitutional question beyond debate.'"  Stanton, 134 S. Ct. at 5.

The Supreme Court has stated that "if the defendant does plead the [qualified] immunity defense, the district court should resolve that threshold question *before permitting discovery*."  Crawford-El v. Britton, 523 U.S. 574, 598 (1998) (citing Harlow, 457 U.S. at 818) (emphasis added).  Only if the plaintiff's claims survive a dispositive motion on the issue of qualified immunity

will the plaintiff "be entitled to some discovery." <u>Id.</u> Even then, the Court has pointed out that Fed. R. Civ. P. 26 "vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." <u>Id.</u> Such discretion includes the ability to establish limits on the number of depositions and interrogatories, to limit the length of depositions, to limit the number of requests to admit, to bar discovery on certain subjects, and to limit the time, place, and manner of discovery as well as its timing and sequence. <u>Id.</u>

Here, defendants have asserted the defense of qualified immunity which applies to Mr. Gard's § 1983 claim. However, Mr. Gard has also pleaded a claim under the ADA, to which the defense of qualified immunity does not apply. If the court were to allow discovery to go forward on the ADA claim and stay discovery as to only the § 1983 claim, that would defeat the purposes of the qualified immunity defense as Mr. Gard's two claims substantially overlap factually. Accordingly, the court determines that the best course is to grant a stay on all discovery, rule on the defendants' qualified immunity defense, and then to allow discovery and motions practice on the ADA claim thereafter as appropriate.

Defendants state an intent to file a dispositive motion on qualified immunity on or before July 1, 2015, the current deadline for filing dispositive motions. In view of the narrow issue which such a motion would encompass, and in view of Mr. Gard's other ADA claim which is not subject to the qualified immunity defense, the court believes that it would unnecessarily delay this lawsuit if defendants waited until July 1 to file a qualified immunity motion.

6

Accordingly, the court sets forth an alternative schedule for the filing of the motion as set forth below.

## C.     Plaintiff's Motion to Extend Deadlines—Docket No. 66

Mr. Gard moves to extend the discovery deadline in this case.  See Docket No. 66.  In light of the court's decision, above, to stay all discovery in this case pending a determination of whether defendants are entitled to qualified immunity, the court denies this motion as moot.  Should Mr. Gard have claims that survive the qualified immunity determination, the court will set new deadlines for discovery and for the handling of the remainder of this case.

## D.     Plaintiff's Motion to Sever—Docket No. 68

Mr. Gard notes that, at present, the South Dakota Attorney General's Office is representing all named defendants in this action.  See Docket No. 68; Docket No. 27.  However, Mr. Gard alleges that CBM Food Services Inc. is a private contractor and acts "without the direction of the administration of the prison system" in providing services and product to the prison system.  See Docket No. 68.  Therefore, Mr. Gard seeks separate trials for the CBM defendants.

As discussed above, this court is staying all discovery in this matter until the matter of defendants' qualified immunity defense is determined.  As such, Mr. Gard's motion is premature.  Defendants will have to address as part of their qualified immunity motion whether the CBM defendants are entitled to

partake of immunity.  The court denies Mr. Gard's motion at this juncture as premature.

**CONCLUSION**

Based on the foregoing law and analysis, the court hereby

ORDERS that Mr. Gard's motion for appointment of counsel [Docket No. 63] is DENIED.  The court further

ORDERS that Mr. Gard's motion to extend the discovery deadlines [Docket No. 66] is DENIED.  A further scheduling order will issue from the court, if appropriate, following a determination as to whether defendants are entitled to qualified immunity.  The court further

ORDERS that Mr. Gard's motion to sever defendants [Docket No. 68] is DENIED without prejudice to make this motion again, if appropriate, following the determination of qualified immunity.  Finally, the court

ORDERS that defendants' motion for a protective order is GRANTED. Defendants are hereby directed to file a motion on the issue of qualified immunity on or before **April 7, 2015.**  Mr. Gard is directed to respond to defendants' motion on or before **May 1, 2015**.  Defendants must file their reply on or before **May 18, 2015**.

DATED this 13th day of February, 2015.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge