UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| REX GARD,<br><br>    Plaintiff,<br><br> vs.<br><br>BOB DOOLEY, CHIEF WARDEN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; SUSAN JACOBS, ASSOCIATE WARDEN, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY; MURIEL NAMINGA, LAUNDRY SUPERVISOR, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY; ANDRA GATES, SUPERVISOR, DOH, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; KELLY SWANSON, SUPERVISOR, DOH, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY; JENIFER BEMBOOM, CBM FOOD SERVICE, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY; JOHN TREWIELLAR, CBM FOOD SERVICE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; BARRY SCHROETER, CBM FOOD SERVICE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; JENIFER STANWICK, DEPUTY WARDEN, INDIVIDUAL AND OFFICIAL CAPACITY; REBECCA SCHEIFFER, ASSOCIATE WARDEN, INDIVIDUAL AND OFFICIAL CAPACITY; LELAND TJEERDSMA, MAJOR, INDIVIDUAL AND OFFICIAL CAPACITY; TRAVIS TJEERDSMA, UNIT STAFF, INDIVIDUAL AND OFFICIAL CAPACITY; TAMMY DEJONG, UNIT STAFF, INDIVIDUAL AND OFFICIAL CAPACITY; RANDY STEVENS, PROPERTY OFFICER, INDIVIDUAL AND OFFICIAL CAPACITY; CORPORAL | 4:14-CV-04023-LLP<br><br><br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**<br><br>[DOCKET NO. 167] |

| | |
|---|---|
| CROPPER, CORPORAL, INDIVIDUAL AND OFFICIAL CAPACITY; RANDY MILNE, CORRECTIONS OFFICER, INDIVIDUAL AND OFFICIAL CAPACITY; JESSICA LUKE, OFFICE STAFF, DOH, INDIVIDUAL AND OFFICIAL CAPACITY; DOC STAFF, UNKNOWN AT THIS TIME, INDIVIDUAL AND OFFICIAL CAPACITY; AND  CBM FOOD SERVICES EMPLOYEES, UNKNOWN AT THIS TIME, INDIVIDUAL AND OFFICIAL CAPACITY;<br><br>                    Defendants. | |

This matter is before the court on plaintiff Rex Gard's *pro se* complaint alleging a claim under the Americans With Disabilities Act (ADA).[1]  See Docket Nos. 1, 149.  Now pending is a motion to compel discovery filed by Mr. Gard.  See Docket No. 167.  Because that motion did not contain all information necessary for this court to evaluate the motion, the court ordered Mr. Gard to supplement his motion in two ways.  First, the court ordered that Mr. Gard provide the court with a copy of his discovery requests which were at issue in the motion.  See Docket No. 168.  Second, the court ordered that Mr. Gard provide the court with copies of all correspondence exchanged between himself and defendants regarding good faith efforts to resolve the discovery dispute.  Id.

Mr. Gard complied with the first part of the court's order, filing a copy of his request for the production of documents.  See Docket No. 170-1.  However, Mr. Gard has not complied with the second part of the court's order—supplying the court with copies of the correspondence exchanged between himself and

---

[1] Mr. Gard originally also asserted various claims under 42 U.S.C. § 1983.  See Docket No. 1.  Those were dismissed on defendants' motion for summary judgment.  See Docket Nos. 134, 149.  Only Mr. Gard's ADA claim remains.  Id.

2

counsel for defendants regarding good faith efforts to resolve the discovery dispute.

> Federal Rule of Civil Procedure 37 provides in pertinent part as follows:
>
> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

See FED. R. CIV. P. 37(a)(1). Similarly, this court's local rules provide as follows:

> A party filing a motion concerning a discovery dispute must file a separate certification describing the good faith efforts of the parties to resolve the dispute.

See DSD LR 37.1.

Mr. Gard never filed a separate certification of his good faith efforts to resolve this matter without resort to a court motion. As mentioned previously, he also failed to provide the court with copies of the letters exchanged between himself and defense counsel on this topic. Mr. Gard does describe the content of his letter in his motion. He states he mailed his discovery requests to defendants on October 26, 2016. After not receiving a response within the normal 30-day period, Mr. Gard sent defendants a letter on November 29, 2016, requesting the discovery. Defendants sent Mr. Gard a responsive letter asking for additional time to respond.

Defendants also describe the exchange between themselves and Mr. Gard. They acknowledge receiving his discovery requests and the follow-up letter from Mr. Gard. On November 29, 2016, defense counsel wrote to Mr. Gard explaining that officials at Mike Durfee State Prison were assisting

defense counsel in responding to the discovery requests but that, given the number and scope of Mr. Gard's requests, additional time would be needed to gather and copy the documents.  Defense counsel requested an extension of time to respond to Mr. Gard's discovery requests.  Mr. Gard ignored this request and instead filed the instant motion to compel.  Defendants explain the extension was requested both because of the number and scope of Mr. Gard's requests, but also because an attorney who was helping defense counsel on the project went on maternity leave on December 12, 2016, and an unexpected death in defense counsel's family required his absence from the office for a week.  See Docket No. 169 at p. 2.

     Mr. Gard now has defendants' response to his discovery requests.  Defendants mailed those responses to Mr. Gard on January 3, 2017, before Mr. Gard's motion was filed herein (which was January 4, 2017), and before this court issued its order for supplementation (filed January 5, 2017).  After receiving defendants' responses, Mr. Gard filed a reply brief on his motion, now asserting substantive grounds for his motion to compel, alleging defendants' responses were inadequate.

     Mr. Gard's motion must be denied for two reasons.  First, he has not demonstrated a good faith effort to resolve the discovery dispute before filing his motion.  The court was willing to overlook the absence of a separate certification of good faith in Mr. Gard's original filing—that is why the court issued its order requiring Mr. Gard to supplement the record with the letters exchanged between himself and defense counsel.  However, Mr. Gard ignored

4

that portion of the court's ruling.  In addition, Mr. Gard's representations—paralleled by defendants' representations as to the exchange—falls short of what is required.  Rule 37 requires more than simply sending a letter demanding answers, as Mr. Gard did on November 29, 2016.  Instead, it requires hearing out the opposing party's positions and requests and attempting to negotiate a compromise.  When defense counsel requested an extension of the deadline, Mr. Gard simply ignored that request and filed his motion, albeit 30 days later.  This is not what Rule 37 contemplates.  <u>Robinson v. Potter</u>, 453 F.3d 990, 995 (8th Cir. 2006); <u>Black Hills Molding, Inc. v. Brandom Holdings, LLC</u>, 295 F.R.D. 403, 409-10 (D.S.D. 2013).

     Second, the court denies Mr. Gard's request on substantive grounds.  Although he alleges defendants' responses to his requests for production are deficient, Mr. Gard never provided the court with defendants' responses.  The court is, therefore, unable to ascertain (1) what defendants' responses were and (2) whether Mr. Gard's claim that the responses are deficient is supported by the facts.  Since this new matter was presented in Mr. Gard's reply brief, the court does not have the defendants' response to his allegations.  Mr. Gard is aware of the rule against introducing new matters in a reply brief as he recently took defendants to task for allegedly doing that very thing in another of his many civil cases.  <u>See</u> <u>Gard v. Dooley</u>, Civ. No. 14-4182, Docket No. 67 (D.S.D. Oct. 14, 2016) (asking the court to strike defendants' reply to defendants' motion for summary judgment because it contained new facts and argument).  Accordingly, it is hereby

5

ORDERED that plaintiff Rex Gard's motion to compel and for sanctions [Docket No. 167] is denied.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Id. Objections must be timely and specific in order to require review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED January 23, 2017.

BY THE COURT:

_/s/ Veronica L. Duffy_
VERONICA L. DUFFY
United States Magistrate Judge