UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| REX GARD,<br><br>    Plaintiff,<br><br>  vs.<br><br>BOB DOOLEY, CHIEF WARDEN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; SUSAN JACOBS, ASSOCIATE WARDEN, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY; MURIEL NAMINGA, LAUNDRY SUPERVISOR, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY; ANDRA GATES, SUPERVISOR, DOH, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; KELLY SWANSON, SUPERVISOR, DOH, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY; JENIFER BEMBOOM, CBM FOOD SERVICE, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY; JOHN TREWIELLAR, CBM FOOD SERVICE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; BARRY SCHROETER, CBM FOOD SERVICE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; JENIFER STANWICK, DEPUTY WARDEN, INDIVIDUAL AND OFFICIAL CAPACITY; REBECCA SCHEIFFER, ASSOCIATE WARDEN, INDIVIDUAL AND OFFICIAL CAPACITY; LELAND TJEERDSMA, MAJOR, INDIVIDUAL AND OFFICIAL CAPACITY; TRAVIS TJEERDSMA, UNIT STAFF, INDIVIDUAL AND OFFICIAL CAPACITY; TAMMY DEJONG, UNIT STAFF, INDIVIDUAL AND OFFICIAL | 4:14-CV-04023-LLP<br><br>ORDER DENYING PLAINTIFF'S MOTION TO EXTEND, MOTION TO COMPEL, AND MOTION FOR APPOINTMENT OF A MEDICAL EXPERT<br><br>DOCKET NOS. 179, 181 & 182 |

| | |
|---|---|
| CAPACITY; RANDY STEVENS, PROPERTY OFFICER, INDIVIDUAL AND OFFICIAL CAPACITY; CORPORAL CROPPER, CORPORAL, INDIVIDUAL AND OFFICIAL CAPACITY; RANDY MILNE, CORRECTIONS OFFICER, INDIVIDUAL AND OFFICIAL CAPACITY; JESSICA LUKE, OFFICE STAFF, DOH, INDIVIDUAL AND OFFICIAL CAPACITY; DOC STAFF, UNKNOWN AT THIS TIME, INDIVIDUAL AND OFFICIAL CAPACITY; AND  CBM FOOD SERVICES EMPLOYEES, UNKNOWN AT THIS TIME, INDIVIDUAL AND OFFICIAL CAPACITY;<br><br>                Defendants. | |

Pending before the court is Rex Gard's *pro se* complaint pursuant to Title II of the Americans With Disabilities Act (ADA), 42 U.S.C. § 12101 et seq.[1] Mr. Gard is currently serving a 65-year sentence at the Mike Durfee State Prison (MDSP) in Springfield, South Dakota.  Mr. Gard moves the court for an order compelling defendants to provide certain discovery.  See Docket No. 181. Because defendants have not provided the discovery Mr. Gard thinks he is entitled to, he also moves to extend the discovery deadline.  See Docket No. 179.  Finally, Mr. Gard moves the court for the appointment of a medical expert.  See Docket No. 182.

---

[1] Mr. Gard initially asserted other claims in his complaint pursuant to 42 U.S.C. § 1983.  However, defendants moved for summary judgment in their favor on all of Mr. Gard's claims *except* the ADA claim.  Summary judgment was granted to defendants on all those other claims.  See Docket No. 149. Therefore, only the ADA claim, for which summary judgment was not sought, remains.

2

Mr. Gard's claim under Title II of ADA is that defendants failed to give him a diabetic diet, denied him access to particular religious ceremonies, the law library, the day hall, the recreation yard, and the restrooms.  See Docket No. 1 at p. 9.  Mr. Gard served defendants with discovery requests directed to Muriel Naminga asking primarily about the procedure at the MDSP pertaining to providing inmates with diabetic shoes and socks.  Defendants objected to providing this discovery on two grounds:  (1) Ms. Naminga was on indefinite medical leave and it is unknown when or if she will return to work and (2) Mr. Gard's one remaining claim under the ADA does not contain any allegations related to diabetic shoes and socks.  As to the latter, defense counsel is correct.  Since Mr. Gard's one last claim contains no allegations regarding diabetic shoes and socks, the discovery requested is not relevant.  The court accordingly denies Mr. Gard's motion to compel in this regard.

Other than the discovery with regard to Ms. Naminga, Mr. Gard never specifies what particular discovery he believes he is entitled to, how that discovery is relevant to his ADA claim, or what good faith steps he went through to try to resolve his discovery dispute with defendants before filing the instant motion.  The court notes that Mr. Gard has filed numerous motions to compel and this court has previously patiently and at length explained to him the prerequisites for filing such a motion, including the need to engage in a good faith effort to resolve the matter without the court's involvement and the necessity to tell the court about the exhaustion of those efforts.  For all these reasons, both substantive and procedural, the court denies Mr. Gard's motion.

Mr. Gard's motion to extend the discovery deadline in this case is premised on his conception that there is outstanding discovery to which he is entitled that he has not yet received. As explained above, Mr. Gard has not shown that to be the case. Accordingly, the court denies the motion to extend.

Finally, Mr. Gard moves again for the appointment of a medical expert. The court denies this motion, again, as premature. The last remaining claim is premised on Mr. Gard's diabetic condition and alleges defendants have failed to provide reasonable accommodation for that condition. In previous litigation in this case, defendants have never denied that Mr. Gard indeed has a diabetes diagnosis. Mr. Gard's entire medical record has been placed on file in this matter. Furthermore, it is unknown what elements of Mr. Gard's *prima facie* case under the ADA defendants ultimately will take issue with. Therefore, it is unknown if a medical expert will be needed. Should this case go to trial, or should the need for a medical expert become evident, the court will revisit this issue.

Based upon the foregoing, it is hereby

ORDERED that Mr. Gard's motion for extension of the discovery deadline [Docket No. 179] is denied. It is further

ORDERED that Mr. Gard's motion to compel [Docket No. 181] is denied. It is finally also

ORDERED that Mr. Gard's renewed motion for the appointment of a medical expert [Docket No. 182] is denied.

**NOTICE OF RIGHT TO APPEAL**

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Id. Objections must be timely and specific in order to require review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED July 20, 2017.

BY THE COURT:

*[signature]*
VERONICA L. DUFFY
United States Magistrate Judge