UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| REX GARD, | 4:14-CV-04023-LLP |
| Plaintiff, | |
| vs. | |
| BOB DOOLEY, CHIEF WARDEN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; SUSAN JACOBS, ASSOCIATE WARDEN, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY; MURIEL NAMINGA, LAUNDRY SUPERVISOR, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY; ANDRA GATES, SUPERVISOR, DOH, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; KELLY SWANSON, SUPERVISOR, DOH, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY; JENIFER BEMBOOM, CBM FOOD SERVICE, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY; JOHN TREWIELLAR, CBM FOOD SERVICE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; BARRY SCHROETER, CBM FOOD SERVICE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; JENIFER STANWICK, DEPUTY WARDEN, INDIVIDUAL AND OFFICIAL CAPACITY; REBECCA SCHEIFFER, ASSOCIATE WARDEN, INDIVIDUAL AND OFFICIAL CAPACITY; LELAND TJEERDSMA, MAJOR, INDIVIDUAL AND OFFICIAL CAPACITY; TRAVIS TJEERDSMA, UNIT STAFF, INDIVIDUAL AND OFFICIAL CAPACITY; TAMMY DEJONG, UNIT STAFF, INDIVIDUAL AND OFFICIAL CAPACITY; RANDY STEVENS, | ORDER DENYING DEFENDANTS' MOTION TO EXTEND DEADLINES<br><br>DOCKET NO. 186 |

PROPERTY OFFICER, INDIVIDUAL AND OFFICIAL CAPACITY; CORPORAL CROPPER, CORPORAL, INDIVIDUAL AND OFFICIAL CAPACITY; RANDY MILNE, CORRECTIONS OFFICER, INDIVIDUAL AND OFFICIAL CAPACITY; JESSICA LUKE, OFFICE STAFF, DOH, INDIVIDUAL AND OFFICIAL CAPACITY; DOC STAFF, UNKNOWN AT THIS TIME, INDIVIDUAL AND OFFICIAL CAPACITY; AND  CBM FOOD SERVICES EMPLOYEES, UNKNOWN AT THIS TIME, INDIVIDUAL AND OFFICIAL CAPACITY;

Defendants.

Pending before the court is Rex Gard's *pro se* complaint pursuant to Title II of the Americans With Disabilities Act (ADA), 42 U.S.C. § 12101 et seq. Mr. Gard is currently serving a 65-year sentence at the Mike Durfee [South Dakota] State Prison (MDSP) in Springfield, South Dakota.  Mr. Gard initially asserted other claims in his complaint.  However, defendants moved for entry of summary judgment in their favor on all of Mr. Gard's claims *except* the ADA claim.  Summary judgment was granted to defendants on those other claims. See Docket No. 149.  Therefore, only the ADA claim, for which summary judgment was not sought, remains.

The deadline for making dispositive motions was May 5, 2017.  See Docket No. 165.  Yesterday, July 24, 2017, defendants moved to extend the motions deadline to November 6, 2017.  See Docket No. 186.

2

Rule 16 requires the court to issue an order setting deadlines for various stages of the litigation. See FED. R. CIV. P. 16(b)(1) (requiring that the court set deadlines for joining parties, amending pleadings, and filing motions, and allowing the district court to set additional deadlines). A court may modify the schedule upon a showing of good cause. FED. R. CIV. P. 16(b)(4).

Rule 6 of the Federal Rules of Civil Procedure controls the granting of an extension of time. That rule provides in pertinent part as follows:

(b)    Extending Time.

(1)    *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:

(A)    with or without motion or notice if the court acts, or if a request is made, *before* the original time or its extension expires; or

(B)    on motion made *after* the time has expired if the party failed to act because of excusable neglect.

See FED. R. CIV. P. 6(b)(1) (emphasis added). Both Rule 6 and Rule 16 must be interpreted in a manner so as to achieve the "just, speedy, and inexpensive determination of every action." See FED. R. CIV. P. 1.

Because the deadline for defendants to file dispositive motions had already passed by nearly three months prior to defendants filing this motion to extend the deadline, defendants must demonstrate both "good cause" under Rule 16 and "excusable neglect" under Rule 6, in order for their motion to be granted.

Defendants never address the "excusable neglect" standard. In their brief, they address only the "good cause" standard. They set forth several reasons in support of their motion to extend: (1) they presumed that Mr. Gard's motion to extend would be granted and (2) they have been devoting substantial time *since June 30, 2017*, to discovery in another case, Scheetz v. Kaemingk, Civ. No. 13-4144.

As stated above, defendants must show both "good cause" and "excusable neglect." Excusable neglect is an elastic concept. It has been described as "that course of action taken by a reasonably prudent person under the same or similar circumstances." United States *ex rel.* Davison v. York Electric Construction Co., 25 F.R.D. 478, 479 (D.N.D. 1960). Whether to grant a motion to extend a deadline after the deadline has passed is an equitable determination requiring consideration of "all relevant circumstances surrounding the party's own omission." In re Harlow Ray, Inc., 993 F.2d 1351, 1352 (8th Cir. 1993) (quoting Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 395 (1993)). Such relevant circumstances include "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer, 507 U.S. at 395. Because the standard is

excusable *neglect*, the basis for granting an extension may, by definition, include acts of negligence.  Id. at 394.  It is a matter of degree.[1]

In United States *ex rel.* Yankton Sioux Tribe v. Gambler's Supply, Inc., 925 F. Supp. 658, 661-662 (D.S.D. 1996), the plaintiffs filed a motion to extend their deadline for responding to defendant's summary judgment motion, alleging that they had timely placed their response in opposition to the motion in the mail, but that the brief had never arrived at the courthouse.  This took place before this court instituted electronic docketing in its cases.  Thus, only a physical inspection of the court's file (or a phone call to the clerk's office) would have revealed the fact that plaintiff's brief had never been received and docketed.

Plaintiffs claimed they did not know their brief had never arrived until defendants renewed their motion for summary judgment on November 1. Yankton Sioux Tribe, 925 F. Supp. at 661.   Plaintiffs' request for the extension of time was made approximately 30 days after the deadline for filing the response to the summary judgment motion had passed.  Id.  However, the plaintiff filed their motion for extension of time on November 3, within two days of defendants' pointing out that the original brief had never been filed.  Id.  A further ameliorating fact was that plaintiffs had filed their own motion for summary judgment shortly after defendants' motion was filed.  Id.  The district

---

[1]The "excusable neglect" standard is more stringent that the "good cause" standard.  Accordingly, if defendants meet the "excusable neglect" standard, the court deems them to have also met the "good cause" standard and will not discuss both standards separately.

court viewed plaintiffs' motion as a response in opposition to defendants' motion.  Id.  For all these reasons, the court found that the plaintiff's allegation that they had timely mailed their brief, but that it had never been received, plus their prompt remedying the situation and the filing of their own motion for summary judgment established excusable neglect.  Id.  The district court therefore granted the motion to extend.  Id.

In the Davison case, the defendant had been served with a complaint and summons that told the defendant in unequivocal and clear, plain language that an answer to the complaint must be filed within 20 days of receipt of the summons or a default judgment would be entered against the defendant. Davison, 25 F.R.D. at 479-480.  The defendant did nothing for six months, not even contacting legal counsel.  Id.  When defendant's lawyer made a notice of appearance and moved for an extension of time to file an answer, the court denied the request, noting that doing absolutely nothing for six months was not "excusable neglect" in view of the advisement contained in the summons. Id. at 481.

In the Bradford case, the plaintiff's lawyer moved to withdraw 18 months after the case had first been filed.  Bradford, 249 F.3d at 809.  The attorney's affidavit in support of the motion to withdraw stated that the plaintiff had told her attorney that she had already secured substitute counsel.  Id.  The court allowed the attorney to withdraw, and instructed the plaintiff to identify her new counsel or indicate to the court her decision to proceed pro se.  Id. at 808. The plaintiff did not comply with the court's direct order to her.  Id.  Six

6

months later, the defendant moved for summary judgment.  Id.  A trial date was set.  Id.  Three months after the summary judgment motion was filed and two weeks prior to the scheduled trial date, a new attorney made an appearance for the plaintiff and simultaneously requested an extension of time to respond to the summary judgment motion and to move the trial date.  Id. The district court denied the request and the Eighth Circuit affirmed.  Id. at 808-810.

In the present case, defendants have sat on their hands.  Mr. Gard filed a motion to extend the deadlines on April 5, 2017, to which defendants filed no response whatsoever.  See Docket No. 179.  Thereafter, Mr. Gard filed a motion to compel discovery on April 21, 2017, to which defendants made no response whatsoever.  See Docket No. 181.  The deadline for defendants to file dispositive motions was May 5, 2017, almost three months ago.  See Docket No. 165 at 2.

Unlike the plaintiff in Bradford, the defendants herein never ignored a direct order from the court requiring them to file a motion for summary judgment on Mr. Gard's ADA claim.  However, the court pointed out in numerous orders that defendants had not moved for summary judgment on Mr. Gard's ADA claim and that the ADA claim remained outstanding.  See, e.g. Docket No. 134 at 4, n.3, 89; Docket No. 149 at 2; 155 at 2; and Docket No. 172 at 2.  In addition, although defendants indicate they believed Mr. Gard's pending motions for extension of deadlines and to compel discovery would be granted, defendants never responded to either one of those motions.  After all

7

these reminders of the outstanding claim remaining, when the dispositive motions deadline passed and defendants filed no motion, the court and Mr. Gard could reasonably have assumed defendants intended to go to trial on that claim.

This case resembles the facts of <u>Davison</u>, where the defendant did absolutely nothing for six months—defendants' last filing in this case was February 7, 2017, nearly six months ago. <u>See</u> Docket No. 175. In addition, this case has been pending for over three years, similar to the plaintiff's case in <u>Bradford</u> which had been pending for over two years. Finally, it has been over two years since defendants made their motion for summary judgment on Mr. Gard's § 1983 claims. <u>See</u> Docket No. 86 (filed April 7, 2015). They have had ample time and ample warning about the necessity of preparing for trial on the remaining ADA claim or making another dispositive motion as to that claim. That they did not do so for over two years is neglect, but not "excusable neglect."

## CONCLUSION

The defendants' motion to extend the dispositive motions deadline [Docket No. 186] is denied as discussed more fully above.

## NOTICE TO PARTIES

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service

8

of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  See FED. R. CRIM. P. 58(g)(2). Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Objections must be timely and specific in order to require review by the district court.

DATED July 25, 2017.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge