UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
AUG 0 1 2017

*********************************************************************

| | |
|---|---|
| REX GARD, | CIV 14-4023 |
| Plaintiff, | |
| vs. | |
| | ORDER |
| BOB DOOLEY, Chief Warden, in his official capacity; SUSAN JACOBS, Associate Warden, in her official capacity; MURIEL NAMINGA, Laundry Supervisor, in her official capacity; ANDRA GATES, Supervisor, DOH, in her official capacity; KELLY SWANSON, Supervisor, DOH, in her official capacity; JENIFER BEMBOOM, CBM Food Service, in her official capacity; JOHN TREWIELLAR, CBM Food Service, in his official capacity; BARRY SCHROETER, CBM Food Service, in his official capacity; JENIFER STANWICK, Deputy Warden, in her official capacity; REBECCA SCHEIFFER, Associate Warden, in her official capacity; LELAND TJEERDSMA, Major, in his official capacity; TRAVIS TJEERDSMA, Unit Staff, in his official capacity; TAMMY DeJONG, Unit Staff, in her official capacity; RANDY STEVENS, Property Officer, in his official capacity; CORPORAL CROPPER, Corporal, in his official capacity; RANDY MILNE, Corrections Officer, | |

in his official capacity; and  
JESSICA LUKE, Office Staff, DOH,  
in her official capacity;

        Defendants.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendants filed Objections to Order Denying Defendants' Motion to Extend Deadlines, Doc. 190. The review of the Magistrate Judge's Order Denying Defendants' Motion is a limited review. Pursuant to 28 U.S.C. § 636(b)(1)(A) the party seeking reconsideration of such an Order must make a showing to this Court that the Order is clearly erroneous or contrary to law. Given that limited scope of review, the Order is not clearly erroneous. In addition, the Order is not contrary to law.

In looking at the four factors discussed by the Defendants in their Motion, those four factors are:

1. The danger of prejudice for the nonmoving party;
2. The length of delay and its potential impact on judicial proceedings;
3. The reason for the delay, including whether it was within the control of the movant; and
4. Whether the movant acted in good faith.

The Court is not aware of the extent of danger of prejudice to the nonmoving party if the deadlines are extended other than the Court knows that given Plaintiff's limited access to library facilities, most motions have resulted in Plaintiff asking for significant time extensions. Partly as a result of that, this case is an old case, having been filed in 2014. The significant factor concerning length of delay and its potential impact on judicial proceedings is that the longer a case goes on the more likely there is there will be more motions and more delays, with the resolution of the case being delayed.

The next factor of the reason for delay has been set forth in the Order of Judge Duffy and in the Motion for Continuance from the point of view from the Defendants. It is the Court's opinion that the delay was within the control of the movant. The fourth factor, whether the movant

2

acted in good faith, the Court does not question the movant's good faith. However, given this Court's familiarity with this file together with Judge Duffy's Orders and Defendants' Motion for Continuance and now Objections to the denial of that continuance, it is this Court's overall conclusion that there is no good excuse for the late filing and that factor must be given the greatest weight in this Court's decision. Accordingly, the Objections to Order Denying Defendants' Motion to Extend Deadlines, Doc. 190, are denied.

The Court will next set this case for trial. In reviewing the case and to put the case in position for trial, the Court holds that Plaintiff's claim is a proceeding under Title II of the Americans With Disabilities Act (ADA). *See Pennsylvania Department of Corrections v. Yeskey*, 524 U.S. 206 (1998), finding that prisons and local correctional facilities are covered by Title II. In the present case there are a variety of employees of the South Dakota State Prison System that remain as Defendants in the case, each being sued individually and in their official capacities. Title II of the ADA does not provide a cause of action against individuals in their personal capacity, only "public entities." *Alsbrook v. Maumelle*, 184 F3d 999, 1005 n. 8 (8th Cir. 1999). The Court will construe the claims in the Amended and Supplemental Verified Complaint against Bob Dooley, Chief Warden, and the other Defendants in their official capacities, to be a claim against the State of South Dakota and its Sioux Falls prison. *Zajrael v. Harmon*, 677 F.3d 353, 354 (8th Cir. 2012). "A suit against state employees in their official capacities is the functional equivalent of a suit against the State." The claims against all individuals in their individual capacities are dismissed. The claim against "CBM Food Service Employees, unknown at this time, individual and official capacity" is dismissed. CMB and its employees are food service contractors and do not represent the State of South Dakota. The Amended and Supplemental Verified Complaint also lists "Other Department of Corrections Staff, Department of Health Staff, and CBM Food Services Staff who are unknown to me at this time, and are sued individually and in their official capacities." No individuals have been named and no claim has thus been made and those unknown persons are dismissed from the case.

Next, with regard to compensatory damages, the Court notes for purposes of trial

preparation that Plaintiff has to prove that the Defendant State of South Dakota through its official capacity representatives acted with discriminatory intent for Plaintiff to recover compensatory damages. *Meagley v. City of Little Rock,* 639 F.3d 384, 389 (8th Cir. 2011), *Love v. Westville Correctional Center,* 103 F.3d 558 (7th Cir. 1996). Next, the Court notes that the United States Supreme Court has held that punitive damages may not be awarded under Title II of the ADA. *Barnes v. Gorman,* 536 U.S. 181, 189-91 (2002). Accordingly,

IT IS ORDERED:

1. That Defendants' Objections to Order Denying Defendants' Motion to Extend Deadlines, Doc. 190, are denied.

2. That the claims against all individuals in their individual capacities are dismissed.

3. That the claims against other Department of Corrections Staff, Department of Health Staff, and CMB Food Services Employees, unknown at this time, are dismissed.

4. That no punitive damages can be awarded under Title II of the Americans With Disabilities Act and the punitive damages claim is dismissed.

5. That a separate Order for Trial will next be entered.

Dated this 1st day of August, 2017.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Summer Wahpy
Deputy

4