UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
AUG 3 1 2017
CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| REX GARD, | * | CIV 14-4023 |
| Plaintiff, | * | |
| vs. | * | ORDER |
| BOB DOOLEY, Chief Warden, in his official capacity; SUSAN JACOBS, Associate Warden, in her official capacity; MURIEL NAMINGA, Laundry Supervisor, in her official capacity; ANDRA GATES, Supervisor, DOH, in his official capacity; KELLY SWANSON, Supervisor, DOH, in her official capacity; JENIFER BEMBOOM, CBM Food Service, in her official capacity; JOHN TREWIELLAR, CBM Food Service, in his official capacity; BARRY SCHROETER, CBM Food Service, in his official capacity; JENIFER STANWICK, Deputy Warden, in her official capacity; REBECCA SCHEIFFER, Associate Warden, in her official capacity; LELAND TJEERDSMA, Major, in his official capacity; TRAVIS TJEERDSMA, Unit Staff, in his official capacity; TAMMY DeJONG, Unit Staff, in her official capacity; RANDY STEVENS, Property Officer, in his official capacity; CORPORAL CROPPER, Corporal, in his official capacity; RANDY MILNE, Corrections Officer, in his official capacity; and JESSICA LUKE, Office Staff, DOH, | * | |

| | |
|---|---|
| in her official capacity; | * |
| | * |
| Defendants. | * |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

On August 8, 2017, Plaintiff Rex Gard filed a pleading entitled Question of Law, Doc. 198, which concluded with Plaintiff stating:

> Plaintiff is now unsure which of his claims still stand and which of the defendants he can name for the deprivations he has suffered during the twelve years of his incarceration and wishes the Court to clarify the parameters of his remaining ADA claims.

On August 18, 2017, the Defendants filed a renewed Motion to File Summary Judgment, Doc. 223. In that document, it was stated:

> The sole remaining ADA claim is limited to whether Defendants "failed to give him a diabetic diet, denied him access to particular religious ceremonies, the law library, day hall, the recreation yard and the restrooms."

The Court agrees those are the remaining ADA claims. The Defendants go on to claim, that if given the opportunity, they can show that the Plaintiff's remaining ADA claims also lack any merit and that a Court trial in this matter may be unnecessary.

For the reasons stated by Magistrate Judge Duffy, the time for making such a Motion has long since passed. The Court in its Order of August 1, 2017, pointed out that its review of Judge Duffy's Order is a limited review, and pursuant to 28 U.S.C. § 636(b)(1)(A) the party seeking reconsideration of such an Order must make a showing to this Court that the Order is clearly erroneous or contrary to law, and that standard has not changed. No good cause has been shown for the failure to timely file a Motion for Summary Judgment on Plaintiff's ADA claims as Judge Duffy ruled. Judge Duffy's ruling is not clearly erroneous nor is it contrary to law. Accordingly, the Motion for allowance to late file a Summary Judgment Motion is denied. The substance of the Motion does not get considered as a new motion where it already has been ruled upon.

The Plaintiff had originally requested nominal damages but the nominal damages were

2

sought in Plaintiff's constitutional claims under 18 U.S.C. § 1983, and the § 1983 claims have been dismissed. The Court also notes that 42 U.S.C.§ 1997e(e) provides that in prisoner cases there cannot be compensatory damages claimed for mental and emotional harm without a prior showing of physical injury. Accordingly, the relief now requested is equitable in nature in the form of an injunction request. That equitable relief is to be the subject of a court trial.

Plaintiff is advised that good cause must be shown for a witness that Plaintiff requests be subpoenaed for a trial. The Plaintiff previously submitted requests for sixteen (16) Writs of Habeas Corpus without any showing as to why the proposed witnesses would have any relevance to the claims. Now that the ADA claims have been clarified, the Plaintiff can through counsel submit a new witness list with cause shown as to why a particular witness should be subpoenaed. The Court will subsequently set a date for the court trial. Given that this case will go to trial, the Court appoints Attorney John Hinrichs of Sioux Falls, South Dakota, as counsel for the Plaintiff.

The parties should be aware that the Magistrate Judge would be available for a mediation of this case as it appears it is a case which could be resolved by mediation. Accordingly,

IT IS ORDERED:

1. That Plaintiff's Question of Law, Doc. 198, is granted to the extent that the remaining ADA claims are as set forth above.

2. That Defendants' Renewed Motion to File Summary Judgment, Doc. 223, is denied, and Plaintiff's Objection to Renewed Motion for Summary Judgment, Doc. 226, is denied as moot.

3. That Plaintiff's sixteen (16) Applications for Writ of Habeas Corpus, Doc. 205-220, are denied.

4. That Plaintiff shall through his counsel file a Witness List with the names of each witness he requests be subpoenaed for trial, with good cause shown why that witness should be subpoenaed.

5. That the Court appoints Attorney John Hinrichs to represent the Plaintiff.

6. That a new date for the court trial will be scheduled by subsequent Order.

Dated this 31ST day of August, 2017.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: /s/ Bob Peters
Deputy