UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| REX GARD,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>ALEJANDRO REYES, Warden, in his official capacity; et al.,<br><br>　　　　　　Defendants. | 4:14-CV-04023-LLP<br><br>MEMORANDUM OPINION AND ORDER DISMISSING PETITION TO ENFORCE SETTLEMENT AGREEMENT |

Plaintiff Rex Gard commenced a pro se action alleging claims under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"). Doc. 55. Defendants moved for summary judgment. Doc. 86. The Court granted Defendants' motion for summary judgment on Gard's § 1983 claims. Doc. 149. Prior to trial, the parties entered into a settlement agreement to resolve Gard's ADA claims. *See* Doc. 288 at 1; Doc. 288-1 at 2–6. The parties filed a joint motion stipulating and agreeing that "the sole remaining ADA (Americans with Disabilities Act) claims in this action shall be dismissed on the merits, with prejudice, and without payment of attorney fees, and the Court may enter a Final Order of Judgment of Dismissal confirming this dismissal without any further notice to any party." Doc. 255. In accordance with the parties' joint motion, the Court entered a Judgment of Dismissal. Doc. 256. Now pending before the Court is Gard's "Petition to Enforce Selltlement [sic] Agreement." Doc. 288. Because this Court does not have subject-matter jurisdiction to consider Gard's petition to enforce the settlement agreement, the petition is dismissed without prejudice to Gard seeking redress in state court.

## LEGAL AUTHORITIES AND ANALYSIS

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). In *Kokkonen*, the United States Supreme Court held that district courts do not have inherent power to enforce a settlement agreement entered into by parties to a federal court action. *Id.* at 380–81. Because an action to enforce a settlement agreement is a claim for breach of contract, the claim should be heard in state court unless there is a separate basis for federal subject-matter jurisdiction. *Id.* at 378. According to the Supreme Court:

> if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal–either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. . . . a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist.

*Id.* at 381. Here, when the parties filed a joint motion to dismiss Gard's ADA claims, they did not attach or reference their settlement agreement, and they did not request that the Court retain jurisdiction to enforce the settlement agreement. *See* Doc. 255. Thus, the Court did not retain jurisdiction to enforce the settlement agreement or incorporate the terms of the settlement agreement in its Judgment of Dismissal.[1] Doc. 256. Because this Court does not have jurisdiction, Gard's petition to enforce the settlement agreement, Doc. 288, must be dismissed without prejudice to Gard seeking redress in state court. *See Miener ex rel. Miener v. Mo. Dep't of Health*, 62 F.3d 1126, 1128 (8th Cir. 1995) (holding that a party must seek enforcement of a settlement agreement in state court when a district court does not retain jurisdiction to enforce the settlement agreement or incorporate the terms of settlement agreement in a court order).

---

[1] The parties did not provide the Court a copy of their settlement agreement prior to entry of the Judgment of Dismissal.

2

The settlement agreement Gard seeks to enforce provides that "[v]enue for any legal proceeding relating to this Agreement must be commenced in the United States District Court for the District of South Dakota, Southern Division." Doc. 288-1 at 6. But parties may not expand the limited jurisdiction of the federal courts by waiver or consent. *4:20 Commc'ns, Inc. v. Paradigm Co.*, 336 F.3d 775, 778 (8th Cir. 2003). A contractual forum selection clause does not vest a district court with subject matter jurisdiction when it has none. *Recovery Ltd. P'ship v. The Wrecked & Abandoned Vessel, S.S. Cent. Am.*, 263 F. Supp. 3d 606, 612 (E.D. Va. 2017); *see also Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ("[N]o action of the parties can confer subject matter-jurisdiction upon a federal court."). Accordingly, it is

ORDERED that Gard's petition to enforce settlement agreement, Doc. 288, is dismissed without prejudice due to lack of subject-matter jurisdiction.

DATED this 10th day of February, 2025.

BY THE COURT:

*[signature]*

LAWRENCE L. PIERSOL
United States District Judge

3