UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| REX GARD,<br><br>          Plaintiff,<br><br>vs.<br><br>ALEJANDRO REYES, Warden, in his official capacity; et al.,<br><br>          Defendants. | 4:14-CV-04023-LLP<br><br><br>MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S RULE 60(b) MOTION |

Plaintiff Rex Gard commenced a pro se action alleging claims under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"). Doc. 55. Defendants moved for summary judgment. Doc. 86. The Court granted Defendants' motion for summary judgment on Gard's § 1983 claims. Doc. 149. Prior to trial, the parties entered into a settlement agreement to resolve Gard's ADA claims. *See* Doc. 288 at 1; Doc. 288-1 at 2–6. The parties filed a joint motion stipulating and agreeing that "the sole remaining ADA (Americans with Disabilities Act) claims in this action shall be dismissed on the merits, with prejudice, and without payment of attorney fees, and the Court may enter a Final Order of Judgment of Dismissal confirming this dismissal without any further notice to any party." Doc. 255. In accordance with the parties' joint motion, the Court entered a Judgment of Dismissal. Doc. 256. Now pending before the Court is Gard's Rule 60(b) motion requesting that the Court "reinstate the civil suit, Re-Appoint Counsel, and allow him to proceed with his Appeal of the Summary Judgment entered in this matter." Doc. 315. Defendants oppose Gard's motion. Doc. 316.

## LEGAL AUTHORITIES AND ANALYSIS

Gard's motion is based on alleged fraud by defendants. Doc. 315. Gard contends that defendants have refused to follow the settlement agreement "from the signing of the agreement itself." *Id. See also* Doc. 317 at 1 (requesting that the Court vacate its judgment due to fraud by the defendants and allow Gard to fully and fairly litigate this matter). According to Gard, "Defendants' [sic] had no intention of providing the diet they agreed to, and therein lies the fraud in the agreement[.]" Doc. 317 at 1.

Federal Rule of Civil Procedure 60(b) provides in relevant part that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment . . . for . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by the opposing party[.]" Fed. R. Civ. P. 60(b)(3). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." *Id.* at 60(c)(1). "A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)." *Id.* at 6(b)(2). The judgment Gard seeks to vacate was entered on August 9, 2018. Doc. 256. Thus, Gard's Rule 60(b)(3) is untimely.

Gard contends that the "Court retains jurisdiction pursuant to 18 U.S.C. § 3626, and as result of the Order to Dismiss Petition to Enforce the Agreement entered in by the parties." Doc. 315. The statute Gard cites, 18 U.S.C. § 3626, does not permit the Court to set aside the parties' private settlement agreement and reinstate the claims the agreement settled based on Gard's allegations that Defendants have breached the agreement. If Gard contends Defendants have breached the settlement agreement, he must seek redress in state court. 18 U.S.C.§ 3626(c)(2)(B) ("Nothing in this section shall preclude any party claiming that a private settlement agreement

2

has been breached from seeking in State court any remedy available under State law."); *see also* Doc. 314 at 2 (dismissing Gard's petition to enforce the settlement agreement for lack of subject matter jurisdiction without prejudice to Gard seeking redress in state court).

Accordingly, it is

ORDERED that Gard's Rule 60(b)(3) motion, Doc. 315, is denied as untimely.

DATED this 24th day of April, 2025.

BY THE COURT:

LAWRENCE L. PIERSOL
United States District Judge